PROSKAUER ROSE LLP
Katharine H. Parker
1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3009
Fax 212.969.2900
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

ELENA SCHIANO                                    :

                                                 :     1:07 CV 06489 (DC) (MHD)
                              Plaintiff,          :

                                                 :          ECF CASE
          against                                :

                                                 :     **ANSWER TO FIRST AMENDED**
ABC, INC. and WALTER VAZQUEZ                      :     **COMPLAINT**

                                                 :
                              Defendants.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

          Defendants ABC, Inc. ("ABC") and Walter Vazquez ("Vazquez") (hereinafter

"Defendants"), by their attorneys, Proskauer Rose LLP, for their Answer to the First Amended

Complaint (the "Complaint") answer as follows:

## NATURE OF ACTION

          1.     Deny the allegations contained in paragraph 1 of the Complaint, except

admit that Plaintiff purports to bring the claims recited therein pursuant to the statutes referenced

therein.

          2.     Deny the allegations contained in paragraph 2 of the Complaint, except

admit that Plaintiff purports to bring the claims recited therein pursuant to the statutes referenced

therein.

          3.     Deny the allegations contained in paragraph 3 of the Complaint, except

admit that Plaintiff purports to seek the relief stated therein.

4.      Deny the allegations contained in paragraph 4 of the Complaint.

5.      Deny the allegations contained in paragraph 5 of the Complaint, except admit on information and belief that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") (Charge No. 160-2005-00976) (the "Charge").

6.      Deny the allegations contained in paragraph 6 of the Complaint, except admit that in or about November 6, 2006, the EEOC issued a "probable cause" Determination and respectfully refer the Court to the Determination for its full contents.

7.      Deny the allegations contained in paragraph 7 of the Complaint, except admit on information and belief that the EEOC issued a Notice of Right to Sue Letter on or about April 24, 2007.

## JURISDICTION AND VENUE

8.      Deny the allegations contained in paragraph 8 of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of this Court pursuant to the statutes referenced therein.

9.      Deny the allegations contained in paragraph 9 of the Complaint, except admit that Plaintiff purports that venue is proper in this Court pursuant to the statute referenced therein.

10.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

## PARTIES

11.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.     Deny the allegations contained in paragraph 12 of the Complaint, except admit that Plaintiff was employed by Defendant ABC from in or about June 1981 through July 2005.

13.     Deny the allegations contained in paragraph 13 of the Complaint, except decline to plead to the extent the allegations are legal assertions that do not require a response.

14.     Admit the allegations contained in paragraph 14 of the Complaint.

15.     Deny the allegations contained in paragraph 15 of the Complaint, except admit that ABC is a large media company.

16.     Deny the allegations contained in paragraph 16 of the Complaint, except decline to plead to the extent the allegations are legal assertions that do not require a response.

17.     Deny the allegations contained in paragraph 17 of the Complaint, except admit that Defendant Vazquez is currently employed by Defendant ABC.

18.     Deny the allegations contained in paragraph 18 of the Complaint.

19.     Deny the allegations contained in paragraph 19 of the Complaint.

20.     Deny the allegations contained in paragraph 20 of the Complaint.

21.     Deny the allegations contained in paragraph 21 of the Complaint.

## FACTUAL ASSERTIONS

22.     Deny the allegations contained in paragraph 22 of the Complaint, except admit that Plaintiff was employed as a carpenter, and deny knowledge and information sufficient to form a belief as to the allegation about the carpenter profession.

23.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.    Deny the allegations contained in paragraph 24 of the Complaint, except admit that Plaintiff's work environment was always free from harassment.

25.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.    Deny the allegations contained in paragraph 26 of the Complaint.

27.    Deny the allegations contained in paragraph 27 of the Complaint, except admit that Vasquez was appointed Chief Maintenance Carpenter.

28.    Deny the allegations contained in paragraph 28 of the Complaint.

29.    Deny the allegations contained in paragraph 29 of the Complaint.

30.    Deny the allegations contained in paragraph 30 of the Complaint.

31.    Deny the allegations contained in paragraph 31 of the Complaint.

32.    Deny the allegations contained in paragraph 32 of the Complaint.

33.    Deny the allegations contained in paragraph 33 of the Complaint.

34.    Deny the allegations contained in paragraph 34 of the Complaint.

35.    Deny the allegations contained in paragraph 35 of the Complaint, except admit that Plaintiff complained to Vasquez about her co-workers.

36.    Deny the allegations contained in paragraph 36 of the Complaint.

37.    Deny the allegations contained in paragraph 37 of the Complaint.

38.    Deny the allegations contained in paragraph 38 of the Complaint.

39.    Deny the allegations contained in paragraph 39 of the Complaint.

40.    Deny the allegations contained in paragraph 40 of the Complaint.

41.    Deny the allegations contained in paragraph 41 of the Complaint.

42.     Deny the allegations contained in paragraph 42 of the Complaint, except admit that Plaintiff informed Brendan Burke that her co-workers were placing a newspaper on a seat in the lunch area and that she objected to this behavior.

43.     Deny the allegations contained in paragraph 43 of the Complaint, except admit that Burke met with Plaintiff and told her he would look into the issue she raised.

44.     Deny the allegations contained in paragraph 44 of the Complaint, except admit that ABC replaced the lunch table with a larger lunch table.

45.     Deny the allegations contained in paragraph 45 of the Complaint.

46.     Deny the allegations contained in paragraph 46 of the Complaint, except admit that Vazquez told Plaintiff she had to attend a safety class on or about March 15, 2000.

47.     Deny the allegations contained in paragraph 47 of the Complaint, except admit that Vazquez asked Plaintiff to be on time for the class.

48.     Deny the allegations contained in paragraph 48 of the Complaint, except admit that Plaintiff attended the class.

49.     Deny the allegations contained in paragraph 49 of the Complaint, except admit, on information and belief, that all carpenters had notice of the safety class, and deny knowledge or information sufficient to know the truth of the allegations as to what others wore to the class.

50.     Admit the allegations contained in paragraph 50 of the Complaint.

51.     Deny the allegations contained in paragraph 51 of the Complaint.

52.     Deny the allegations contained in paragraph 52 of the Complaint, except admit that Plaintiff was permitted to wear her street clothes after lunch, and aver that Plaintiff did not complain to Vazquez about disparate treatment.

53.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54.     Deny the allegations contained in paragraph 54 of the Complaint.

55.     Deny the allegations contained in paragraph 55 of the Complaint.

56.     Deny the allegations contained in paragraph 56 of the Complaint.

57.     Deny the allegations contained in paragraph 57 of the Complaint.

58.     Admit the allegations contained in paragraph 58 of the Complaint.

59.     Admit the allegations contained in paragraph 59 of the Complaint.

60.     Deny the allegations contained in paragraph 60 of the Complaint.

61.     Deny the allegations contained in paragraph 61 of the Complaint.

62.     Deny the allegations contained in paragraph 62 of the Complaint.

63.     Deny the allegations contained in paragraph 63 of the Complaint, except admit that Vazquez requested that Vito Salerno check that all of the carpenters had paid their union dues.

64.     Deny the allegations contained in paragraph 64 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning the status of union dues of Plaintiff and her co-workers.

65.     Deny the allegations contained in paragraph 65 of the Complaint.

66.     Deny the allegations contained in paragraph 66 of the Complaint, except admit that Vazquez told Plaintiff she could not wear a vest over her uniform pursuant to policy.

67.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint.

68.     Deny the allegations contained in paragraph 68 of the Complaint.

69.     Deny the allegations contained in paragraph 69 of the Complaint, and aver that carpenters have always been required to wear uniforms.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.

73.     Deny the allegations contained in paragraph 73 of the Complaint, except admit Plaintiff met with Perillo.

74.     Deny the allegations contained in paragraph 74 of the Complaint.

75.     Deny the allegations contained in paragraph 75 of the Complaint.

76.     Deny the allegations contained in paragraph 76 of the Complaint, and aver that Plaintiff was never singled out.

77.     Deny the allegations contained in paragraph 77 of the Complaint.

78.     Deny the allegations contained in paragraph 78 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations about Plaintiff's state of mind.

79.     Deny the allegations contained in paragraph 79 of the Complaint.

80.     Deny the allegations contained in paragraph 80 of the Complaint.

81.     Deny the allegations contained in paragraph 81 of the Complaint, except admit that Vasquez asked all carpenters to return old uniforms.

82.    Deny the allegations contained in paragraph 82 of the Complaint, and aver that no one was harassed or disciplined.

83.    Deny the allegations contained in paragraph 83 of the Complaint, except admit that Plaintiff requested a meeting with Cannataro to discuss a warning letter she had received.

84.    Deny the allegations contained in paragraph 84 of the Complaint, except admit that Plaintiff contested the discipline.

85.    Deny the allegations contained in paragraph 85 of the Complaint.

86.    Admit the allegations contained in paragraph 86 of the Complaint.

87.    Deny the allegations contained in paragraph 87 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations about Plaintiff's state of mind.

88.    Deny the allegations contained in paragraph 88 of the Complaint, except admit that Cannataro was the Director of Facilities Services and aver that he complied with ABC's policy on non-discrimination at all times.

89.    Deny the allegations contained in paragraph 89 of the Complaint.

90.    Deny the allegations contained in paragraph 90 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth about the allegations concerning what Salerno said to Plaintiff.

91.    Deny, on information and belief, the allegations contained in paragraph 91 of the Complaint, and aver that at no time was Plaintiff treated inappropriately.

92.    Deny the allegations contained in paragraph 92 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations about Plaintiff's state of mind.

93.    Deny the allegations contained in paragraph 93 of the Complaint, except admit that Plaintiff saw Dr. Dorf.

94.    Deny, on information and belief, the allegations contained in paragraph 94 of the Complaint.

95.    Deny the allegations contained in paragraph 95 of the Complaint.

96.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint.

97.    Admit the allegations contained in paragraph 97 of the Complaint.

98.    Deny the allegations contained in paragraph 98 of the Complaint, and decline to plead to the extent the allegations are legal assertions that do not require a response.

99.    Deny the allegations contained in paragraph 99 of the Complaint.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.

103.    Deny the allegations contained in paragraph 103 of the Complaint.

104.    Deny the allegations contained in paragraph 104 of the Complaint, except admit that Plaintiff told Vazquez she was leaving to see her daughter who was in the hospital because she was having a baby.

105.    Deny the allegations contained in paragraph 105 of the Complaint.

106.    Deny the allegations contained in paragraph 106 of the Complaint.

107.    Deny the allegations contained in paragraph 107 of the Complaint.

108.    Deny the allegations contained in paragraph 108 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations about Plaintiff's state of mind.

109.    Deny the allegations contained in paragraph 109 of the Complaint, except admit that Plaintiff never informed Vazquez as to how she intended to charge her time.

110.    Deny the allegations contained in paragraph 110 of the Complaint, except admit that Vasquez asked Plaintiff to call him later.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint, and aver that Vasquez did not act inappropriately towards Plaintiff in any manner whatsoever.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint.

113.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the Complaint, except admit that Plaintiff's daughter called Vasquez.

114.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Complaint, except that Plaintiff came to work on November 7, 2003.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the Complaint.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Complaint, except admit that Plaintiff saw Dr. Dorf.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Complaint, except admit that Dr. Dorf approved Plaintiff taking a medical leave and communicated that to Vasquez.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Complaint.

120.    Deny the allegations contained in paragraph 120 of the Complaint.

121.    Deny the allegations contained in paragraph 121 of the Complaint.

122.    Deny the allegations contained in paragraph 122 of the Complaint.

123.    Deny the allegations contained in paragraph 123 of the Complaint, except admit that Plaintiff told Vasquez that she was changing her clothes.

124.    Admit the allegations contained in paragraph 124 of the Complaint.

125.    Deny the allegations contained in paragraph 125 of the Complaint, except admit Plaintiff said that she was not well needed some time to recover.

126.    Deny the allegations contained in paragraph 126 of the Complaint, except admit that Plaintiff gave Vasquez the work tickets.

127.    Deny the allegations contained in paragraph 127 of the Complaint, except admit that Plaintiff gave Vasquez the work tickets.

128.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 128 of the Complaint.

129.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Complaint.

130.    Deny, on information and belief, the allegations contained in paragraph 130 of the Complaint.

131.    Deny, on information and belief, the allegations contained in paragraph 131 of the Complaint.

132.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of the Complaint concerning Toni-Ann's state of mind and deny, on information and belief, that Toni-Ann offered to go to ABC to speak with Perillo.

133.    Deny the allegations contained in paragraph 133 of the Complaint.

134.    Deny the allegations contained in paragraph 134 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations about Plaintiff's state of mind.

135.    Admit the allegations contained in paragraph 135 of the Complaint.

136.    Admit the allegations contained in paragraph 136 of the Complaint.

137.    Admit the allegations contained in paragraph 137 of the Complaint.

138.    Deny the allegations contained in paragraph 138 of the Complaint, except admit that Plaintiff denied yelling and screaming at Vazquez.

139.    Deny the allegations contained in paragraph 139 of the Complaint, and aver that Vazquez did not engage in conduct warranting discipline.

140.    Admit the allegations contained in paragraph 140 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations about Plaintiff's state of mind.

141.    Deny the allegations contained in paragraph 141 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations about Plaintiff's state of mind.

142.    Deny the allegations contained in paragraph 142 of the Complaint.

143.    Deny the allegations contained in paragraph 143 of the Complaint.

144.    Deny the allegations contained in paragraph 144 of the Complaint.

145.    Deny the allegations contained in paragraph 145 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations about Plaintiff's state of mind.

146.    Deny the allegations contained in paragraph 146 of the Complaint.

147.    Deny the allegations contained in paragraph 147 of the Complaint, except admit that Plaintiff disagreed with the contents of Perillo's memo.

148.    Deny the allegations contained in paragraph 148 of the Complaint.

149.    Deny the allegations contained in paragraph 149 of the Complaint.

150.    Deny the allegations contained in paragraph 150 of the Complaint, except admit that Burke did not give Plaintiff any notes at any time.

151.    Admit, on information and belief, the allegations contained in paragraph 151 of the Complaint.

152.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 152 of the Complaint.

153.    Deny the allegations contained in paragraph 153 of the Complaint, except admit that Dilacio met with Vasquez about Plaintiff's complaints to the union.

154.    Deny the allegations contained in paragraph 154 of the Complaint, except admit that there was a meeting regarding Plaintiff's complaints to the union.

155.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations the allegations contained in paragraph 155 of the Complaint.

156.    Deny the allegations contained in paragraph 156 of the Complaint.

157.    Deny the allegations contained in paragraph 157 of the Complaint.

158.    Deny the allegations contained in paragraph 158 of the Complaint, except admit that ABC placed reasonable restrictions on personal phone calls.

159.    Deny the allegations contained in paragraph 159 of the Complaint.

160.    Deny the allegations contained in paragraph 160 of the Complaint, except admit that Plaintiff never received any formal discipline regarding personal use of the telephone.

161.    Deny the allegations contained in paragraph 161 of the Complaint, except admit, on information and belief, that Plaintiff raised the issue of the use of the telephone with Perillo.

162.    Deny the allegations contained in paragraph 162 of the Complaint, except admit that Plaintiff took a position that her phone use was not excessive.

163.    Deny the allegations contained in paragraph 163 of the Complaint.

164.    Deny the allegations contained in paragraph 164 of the Complaint.

165.    Deny the allegations contained in paragraph 165 of the Complaint.

166.    Deny the allegations contained in paragraph 166 of the Complaint.

167.    Deny the allegations contained in paragraph 167 of the Complaint, and aver that to the extent Vazquez engaged in behavior warranting discipline, he was disciplined.

168.    Admit the allegations contained in paragraph 168 of the Complaint.

169.    Deny the allegations contained in paragraph 169 of the Complaint, and admit that Vasquez, Pat Potestio, Manny Martinez, Alex Bisaccia, James Budde, and Vito Salerno attended this meeting along with Plaintiff.

170.    Admit the allegations contained in paragraph 170 of the Complaint.

171.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 171 of the Complaint.

172.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 172 of the Complaint.

173.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 173 of the Complaint.

174.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 174 of the Complaint.

175.    Deny the allegations contained in paragraph 175 of the Complaint.

176.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 176 of the Complaint.

177.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 177 of the Complaint.

178.    Deny the allegations contained in paragraph 178 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's state of mind.

179.    Admit the allegations contained in paragraph 179 of the Complaint.

180.    Admit the allegations contained in paragraph 180 of the Complaint.

181.    Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 181 of the Complaint.

182.    Deny the allegations contained in paragraph 182 of the Complaint, except admit that a meeting was held on March 17, 2004, and was attended by the people referenced herein.

183.    Deny the allegations contained in paragraph 183 of the Complaint.

184.    Admit the allegations contained in paragraph 184 of the Complaint.

185.    Deny the allegations contained in paragraph 185 of the Complaint, except admit that Perillo asked Plaintiff the question referenced therein, and aver that the proper spelling of "Tom Been" is "Tom Bien".

186.    Deny the allegations contained in paragraph 186 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff's state of mind.

187.    Admit the allegations contained in paragraph 187 of the Complaint.

188.    Admit the allegations contained in paragraph 188 of the Complaint.

189.    Admit the allegations contained in paragraph 189 of the Complaint.

190.    Admit the allegations contained in paragraph 190 of the Complaint, except deny that the accusation was false.

191.    Deny the allegations contained in paragraph 191 of the Complaint.

192.    Admit the allegations contained in paragraph 192 of the Complaint.

193.    Deny the allegations contained in paragraph 193 of the Complaint.

194.    Deny the allegations contained in paragraph 194 of the Complaint, except admit that Cannataro attended part of the meeting.

195.    Deny the allegations contained in paragraph 195 of the Complaint, except admit that Plaintiff was asked to step out of the room.

196.    Deny the allegations contained in paragraph 196 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's state of mind.

197.    Admit the allegations contained in paragraph 197 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's state of mind.

198.    Deny the allegations contained in paragraph 198 of the Complaint, except admit that Plaintiff was asked to wait outside.

199.    Deny the allegations contained in paragraph 199 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's state of mind.

200.    Deny the allegations contained in paragraph 200 of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's state of mind.

201.    Deny the allegations contained in paragraph 201 of the Complaint, except admit that Plaintiff cried and banged her head against the wall.

202.   Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 202 of the Complaint.

203.   Deny the allegations contained in paragraph 203 of the Complaint, except admit that Robert came to ABC to pick up his mother, and deny knowledge and information sufficient to form a belief as to the allegations concerning Robert's state of mind.

204.   Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 204 of the Complaint.

205.   Deny the allegations contained in paragraph 205 of the Complaint.

206.   Deny the allegations contained in paragraph 206 of the Complaint.

207.   Deny the allegations contained in paragraph 207 of the Complaint.

208.   Deny the allegations contained in paragraph 208 of the Complaint.

209.   Deny the allegations contained in paragraph 209 of the Complaint, except admit Plaintiff left work with her son.

210.   Admit the allegations contained in paragraph 210 of the Complaint.

211.   Admit the allegations contained in paragraph 211 of the Complaint.

212.   Deny the allegations contained in paragraph 212 of the Complaint, except admit that in November of 2004 Cannataro notified Plaintiff that her position was filled.

213.   Deny the allegations contained in paragraph 213 of the Complaint, except admit that the quoted language appears in a letter from Cannataro to Plaintiff, dated in November of 2004.

214.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 214 of the Complaint.

215.  Deny the allegations contained in paragraph 215 of the Complaint, except decline to plead to the extent the allegations assert opinions or legal conclusions that do not require a response.

216.  Deny the allegations contained in paragraph 216 of the Complaint.

217.  Deny the allegations contained in paragraph 217 of the Complaint.

218.  Deny the allegations contained in paragraph 218 of the Complaint, except admit that the EEOC issued a finding of probable cause and respectfully refer the Court to the Determination for its complete contents.

219.  Deny the allegations contained in paragraph 219 of the Complaint, and aver that Plaintiff was not targeted or persecuted.

220.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 220 of the Complaint.

## LEGAL CLAIMS

## AS AND FOR A FIRST CAUSE OF ACTION

### Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C.A. § 2000E

221.  Repeat and reallege their responses to paragraphs 1-220 of the Complaint as their response to paragraph 221 of the Complaint as if fully set forth herein.

222.  Deny the allegations contained in paragraph 222 of the Complaint.

223.  Deny the allegations contained in paragraph 223 of the Complaint.

224.  Deny the allegations contained in paragraph 224 of the Complaint.

225.  Deny the allegations contained in paragraph 225 of the Complaint.

226.  Deny the allegations contained in paragraph 226 of the Complaint.

227.  Deny the allegations contained in paragraph 227 of the Complaint.

228.    Deny the allegations contained in paragraph 228 of the Complaint.

229.    Deny the allegations contained in paragraph 229 of the Complaint.

230.    Deny the allegations contained in paragraph 230 of the Complaint.

231.    Deny the allegations contained in paragraph 231 of the Complaint.

232.    Deny the allegations contained in paragraph 232 of the Complaint.

233.    Deny the allegations contained in paragraph 233 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

**Hostile Work Environment Sexual Harassment in Violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C.A. § 2000E**

234.    Repeat and reallege their responses to paragraphs 1-233 of the Complaint as their response to paragraph 234 of the Complaint as though fully set forth herein.

235.    Deny the allegations contained in paragraph 235 of the Complaint.

236.    Deny the allegations contained in paragraph 236 of the Complaint.

237.    Deny the allegations contained in paragraph 237 of the Complaint.

238.    Deny the allegations contained in paragraph 238 of the Complaint.

239.    Deny the allegations contained in paragraph 239 of the Complaint.

240.    Deny the allegations contained in paragraph 240 of the Complaint.

241.    Deny the allegations contained in paragraph 241 of the Complaint.

242.    Deny the allegations contained in paragraph 242 of the Complaint.

243.    Deny the allegations contained in paragraph 243 of the Complaint.

244.    Deny the allegations contained in paragraph 244 of the Complaint.

245.    Deny the allegations contained in paragraph 245 of the Complaint.

246.    Deny the allegations contained in paragraph 246 of the Complaint.

247.    Deny the allegations contained in paragraph 247 of the Complaint.

248. Deny the allegations contained in paragraph 248 of the Complaint.

249. Deny the allegations contained in paragraph 249 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

### Discrimination on the Basis of Gender Under
### New York State Human Rights Law §296(1)(A)

250. Repeat and reallege their responses to paragraphs 1 - 249 of the Complaint as their response to paragraph 250 of the Complaint as though fully set forth herein.

251. Deny the allegations contained in paragraph 251 of the Complaint.

252. Deny the allegations contained in paragraph 252 of the Complaint.

253. Deny the allegations contained in paragraph 253 of the Complaint.

254. Deny the allegations contained in paragraph 254 of the Complaint.

255. Deny the allegations contained in paragraph 255 of the Complaint.

256. Deny the allegations contained in paragraph 256 of the Complaint.

257. Deny the allegations contained in paragraph 257 of the Complaint.

258. Deny the allegations contained in paragraph 258 of the Complaint.

259. Deny the allegations contained in paragraph 259 of the Complaint.

260. Deny the allegations contained in paragraph 260 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Hostile Work Environment Sexual Harassment Under
### New York State Human Rights Law §285(1)(A)

261. Repeat and reallege their responses to paragraphs 1 – 260 of the Complaint as their answer to paragraph 261 of the Complaint as though fully set forth herein.

262. Deny the allegations contained in paragraph 262 of the Complaint.

263. Deny the allegations contained in paragraph 263 of the Complaint.

264.    Deny the allegations contained in paragraph 264 of the Complaint.

265.    Deny the allegations contained in paragraph 265 of the Complaint.

266.    Deny the allegations contained in paragraph 266 of the Complaint.

267.    Deny the allegations contained in paragraph 267 of the Complaint.

268.    Deny the allegations contained in paragraph 268 of the Complaint.

269.    Deny the allegations contained in paragraph 269 of the Complaint.

270.    Deny the allegations contained in paragraph 270 of the Complaint.

271.    Deny the allegations contained in paragraph 271 of the Complaint.

272.    Deny the allegations contained in paragraph 272 of the Complaint.

273.    Deny the allegations contained in paragraph 273 of the Complaint.

274.    Deny the allegations contained in paragraph 274 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Discrimination on the Basis of Gender Under
### New York City Human Rights Law § 8-107

275.    Repeat and reallege their responses to paragraphs 1 – 274 of the

Complaint as their response to paragraph 275 of the Complaint as though fully set forth herein.

276.    Deny the allegations contained in paragraph 276 of the Complaint.

277.    Deny the allegations contained in paragraph 276 of the Complaint.

278.    Deny the allegations contained in paragraph 278 of the Complaint.

279.    Deny the allegations contained in paragraph 279 of the Complaint.

280.    Deny the allegations contained in paragraph 280 of the Complaint.

281.    Deny the allegations contained in paragraph 281 of the Complaint.

282.    Deny the allegations contained in paragraph 282 of the Complaint.

283.    Deny the allegations contained in paragraph 283 of the Complaint.

284.    Deny the allegations contained in paragraph 284 of the Complaint.

285.    Deny the allegations contained in paragraph 285 of the Complaint.

### AS AND FOR A SIXTH CAUSE OF ACTION

**Hostile Work Environment Sexual Harassment
Under New York City Human Rights Law § 8-107**

286.    Repeat and reallege their responses to paragraphs 1 – 285 of the

Complaint as their response to paragraph 286 of the Complaint as though fully set forth herein.

287.    Deny the allegations contained in paragraph 287 of the Complaint.

288.    Deny the allegations contained in paragraph 288 of the Complaint.

289.    Deny the allegations contained in paragraph 289 of the Complaint.

290.    Deny the allegations contained in paragraph 290 of the Complaint.

291.    Deny the allegations contained in paragraph 291 of the Complaint.

292.    Deny the allegations contained in paragraph 292 of the Complaint.

293.    Deny the allegations contained in paragraph 293 of the Complaint.

294.    Deny the allegations contained in paragraph 294 of the Complaint.

295.    Deny the allegations contained in paragraph 295 of the Complaint.

296.    Deny the allegations contained in paragraph 296 of the Complaint.

297.    Deny the allegations contained in paragraph 297 of the Complaint.

298.    Deny the allegations contained in paragraph 298 of the Complaint.

299.    Deny the allegations contained in paragraph 299 of the Complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION

### Retaliation in Violation of Title VII of the Civil Rights
### Act of 1964; 42 U.S.C.A. § 2000E

300.    Repeat and reallege their responses to paragraphs 1 – 299 of the

Complaint as their response to paragraph 300 of the Complaint as though fully set forth herein.

301.    Deny the allegations contained in paragraph 301 of the Complaint.

302.    Deny the allegations contained in paragraph 302 of the Complaint.

303.    Deny the allegations contained in paragraph 303 of the Complaint.

304.    Deny the allegations contained in paragraph 304 of the Complaint.

305.    Deny the allegations contained in paragraph 305 of the Complaint.

306.    Deny the allegations contained in paragraph 306 of the Complaint.

307.    Deny the allegations contained in paragraph 307 of the Complaint.

308.    Deny the allegations contained in paragraph 308 of the Complaint.

309.    Deny the allegations contained in paragraph 309 of the Complaint.

310.    Deny the allegations contained in paragraph 310 of the Complaint.

311.    Deny the allegations contained in paragraph 311 of the Complaint.

312.    Deny the allegations contained in paragraph 312 of the Complaint.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

### Retaliation in Violation of New York State Human Rights Law
### § 296(1)(A)

313.    Repeat and reallege their response to paragraphs 1 – 312 of the Complaint

as their response to paragraph 313 of the Complaint as though fully set forth herein

314.    Deny the allegations contained in paragraph 314 of the Complaint.

315.    Deny the allegations contained in paragraph 315 of the Complaint.

316.    Deny the allegations contained in paragraph 316 of the Complaint.

317.    Deny the allegations contained in paragraph 317 of the Complaint.

318.    Deny the allegations contained in paragraph 318 of the Complaint.

319.    Deny the allegations contained in paragraph 319 of the Complaint.

320.    Deny the allegations contained in paragraph 320 of the Complaint.

321.    Deny the allegations contained in paragraph 321 of the Complaint.

322.    Deny the allegations contained in paragraph 322 of the Complaint.

323.    Deny the allegations contained in paragraph 323 of the Complaint.

324.    Deny the allegations contained in paragraph 324 of the Complaint.

325.    Deny the allegations contained in paragraph 325 of the Complaint.

## AS AND FOR AN NINTH CAUSE OF ACTION

**Retaliation in Violation of New York City Human Rights Law
§ 8-107**

326.    Repeat and reallege their responses to paragraphs 1 – 325 of the

Complaint as their response to paragraph 326 of the Complaint as though fully set forth herein.

327.    Deny the allegations contained in paragraph 327 of the Complaint.

328.    Deny the allegations contained in paragraph 328 of the Complaint.

329.    Deny the allegations contained in paragraph 329 of the Complaint.

330.    Deny the allegations contained in paragraph 330 of the Complaint.

331.    Deny the allegations contained in paragraph 331 of the Complaint.

332.    Deny the allegations contained in paragraph 332 of the Complaint.

333.    Deny the allegations contained in paragraph 333 of the Complaint.

334.    Deny the allegations contained in paragraph 334 of the Complaint.

335.    Deny the allegations contained in paragraph 335 of the Complaint.

336.    Deny the allegations contained in paragraph 336 of the Complaint.

337.    Deny the allegations contained in paragraph 337 of the Complaint.

338.    Deny the allegations contained in paragraph 338 of the Complaint.

## AS AND FOR AN TENTH CAUSE OF ACTION

### Against Vazquez (NYSHRL – Aiding and Abetting)

339.    Repeat and reallege their responses to paragraphs 1 – 338 of the Complaint as their response to paragraph 339 of the Complaint as though fully set forth herein.

340.    Deny the allegations contained in paragraph 340 of the Complaint.

341.    Deny the allegations contained in paragraph 341 of the Complaint.

342.    Deny the allegations contained in paragraph 342 of the Complaint.

## AS AND FOR AN TENTH CAUSE OF ACTION

### Against Vazquez (NYCHRL – Aiding and Abetting)

343.    Repeat and reallege their responses to paragraphs 1 – 342 of the Complaint  as though fully set forth herein

344.    Deny the allegations contained in paragraph 344 of the Complaint.

345.    Deny the allegations contained in paragraph 345 of the Complaint.

346.    Deny the allegations contained in paragraph 346 of the Complaint.

## ATTORNEY'S FEES AND COSTS

347.    Deny the allegations contained in paragraph 347 of the Complaint.

## PUNITIVE DAMAGES – BAD FAITH

348.    Deny the allegations contained in paragraph 348 of the Complaint, except decline to plead to the extent the allegations contain legal assertions that do not require a response.

## REQUEST FOR RELIEF

349.    Deny the allegations contained in Wherefore clauses I through VI immediately following paragraph 348 of the Complaint and deny that Plaintiff is entitled to the relief requested.

## DEMAND FOR TRIAL BY JURY

350.    Deny that Plaintiff is entitled to a jury trial as to some or all of her claims.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

351.    The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

352.    Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or filing periods.

### THIRD AFFIRMATIVE DEFENSE

353.    Some or all of Plaintiff's claims are subject to the mandatory grievance arbitration procedure under the collective bargaining agreement that applied to her during her employment.

### FOURTH AFFIRMATIVE DEFENSE

354.    If Plaintiff has suffered damages, which Defendants expressly deny, she has failed to make reasonable and diligent efforts to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

355.    This action is barred, in whole or in part, because Defendants exercised reasonable care to prevent and correct promptly any discriminatory or harassing behavior or misconduct, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants to avoid harm otherwise.

## SIXTH AFFIRMATIVE DEFENSE

356.    Plaintiff is not entitled to punitive damages or attorneys' fees and costs under the New York State Executive Law, and to the extent she seeks punitive damages under New York City or federal law, such relief is barred because Defendant's alleged conduct did not rise to the level of culpability to justify an award of such damages.

## SEVENTH AFFIRMATIVE DEFENSE

357.    Some or all of Plaintiff's claims against Defendant Walter Vazquez are barred because they are not actionable as a matter of law against an individual under the statutes pursuant to which Plaintiff has asserted claims and/or on the facts plead.

## EIGHTH AFFIRMATIVE DEFENSE

358.    This Court lacks jurisdiction over some or all of Plaintiff's claims.

## NINTH AFFIRMATIVE DEFENSE

359.    Some or all of Plaintiff's claims are barred and/or must be dismissed because they are subject to binding grievance and arbitration procedures.

## TENTH AFFIRMATIVE DEFENSE

360.    Plaintiff's claims are barred because Plaintiff failed to satisfy the statutory and/or administrative prerequisites necessary for commencing and maintaining an action under the applicable statutes.

### ELEVENTH AFFIRMATIVE DEFENSE

361.    Plaintiff's claim for compensatory damages is barred, in whole or in part, by the exclusive remedy provisions of the New York Workers' Compensation Law.

### TWELFTH AFFIRMATIVE DEFENSE

362.    Defendants' actions with respect to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory, non-prohibited reasons and/or for good and just cause.

### THIRTEENTH AFFIRMATIVE DEFENSE

363.    To the extent Defendants were motivated in part by unlawful reasons (which Defendants deny), they would have taken the same actions with respect to Plaintiff for lawful reasons.

### FOURTEENTH AFFIRMATIVE DEFENSE

364.    Plaintiff's claims are barred, in whole or in part, as to any matters or persons or entities not contained and/or named in Plaintiff's administrative charge, for which no right to sue letter has been issued and/or for which Plaintiff has failed to exhaust and/or has elected administrative remedies.

### FIFTEENTH AFFIRMATIVE DEFENSE

365.    Plaintiff's claims for emotional distress and/or mental anguish damages are barred, in whole or in part, because Defendants' alleged conduct did not rise to the required level of culpability to justify an award of such damages and/or because Defendants did not cause such damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

366.    Defendant's liability and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the New York City Human Rights Law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

367.    At all times relevant, Defendants had established and complied with policies, programs and procedures for prevention and detection of unlawful discriminatory, harassing and retaliatory practices by employees, agents and persons employed as independent contractors, and Plaintiff failed to take reasonable steps to complain and prevent harm.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

368.    Plaintiff failed to exhaust the grievance and arbitration procedures provided for in the CBA with respect to some or all of her claims.

**NINETEENTH AFFIRMATIVE DEFENSE**

369.    Plaintiff's alleged damages, if any, must be reduced and/or offset by amounts paid to Plaintiff as disability and/or unemployment benefits.

WHEREFORE, Defendants demand judgment dismissing the Complaint in its entirety with prejudice, together with their attorneys' fees and costs and disbursements in this action and such further relief as this Court deems just and proper.

Dated:          New York, New York
                January 25, 2008

_____
Katharine H. Parker
PROSKAUER ROSE LLP
1585 Broadway
New York, NY  10036-8299
Phone: (212) 969-3009
Fax: (212) 969-2900
*Attorneys for Defendants*